UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**ALEXANDER J. SHAFIROVICH**                          **CIVIL ACTION**

**VERSUS**                                            **NO: 24-238**

**MOHAMAD SALEH**                                     **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Disqualify Defendant's Counsel (Doc. 6). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case relates to the repayment of money borrowed by Plaintiff Alexander Shafirovich, Defendant Mohamad Saleh, and a third business partner, Nidal Jaber ("the Business Partners"). The Business Partners borrowed funds to finance various investments in real estate through their jointly owned limited liability companies Broadway Street Holdings, LLC; Audubon Street Holdings, LLC; Esplanade Avenue Holdings, LLC; State Street NOLA Investments, LLC; and Webster Street Investments, LLC ("the Companies"). The Companies repaid part of the debt. On December 28, 2022, Plaintiff repaid $378,000, the balance of outstanding debt.

Plaintiff filed this lawsuit on January 24, 2024, seeking recovery of Defendant Saleh's virile share of the debt, plus interest and attorney's fees. Thereafter, John O. Pieksen, Jr.; Michael Bagneris; and the Bagneris Firm

1

made appearances on behalf of Defendant in this matter.[1] Now before the Court is Plaintiff's Motion to Disqualify Counsel on the basis of a conflict of interest. Defendant opposes.[2]

## **LEGAL STANDARD**

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law."[3] District courts faced with a motion to disqualify counsel must apply the ethical standards of the district court, the state in which the district court sits, and the national standards adopted by the Fifth Circuit.[4] The Eastern District of Louisiana has adopted the Louisiana Rules of Professional Conduct as the local ethical standards.[5] "The Fifth Circuit has recognized the ABA Model Rules of Professional Conduct (Model Rules) as the national standards to consider in reviewing motions to disqualify."[6]

Courts should not mechanically apply the rules of disqualification.[7] Instead, "court[s] must take into account not only the various ethical precepts adopted by the profession but also the social interests at stake."[8] "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[9] The Court reviews motions to disqualify "with fairly strict scrutiny. Although any

---

[1] Doc. 5.
[2] Doc. 16.
[3] *In re* Dresser Indus., Inc., 972 F.2d 540, 543 (5th Cir. 1992).
[4] Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 266 (5th Cir. 2001).
[5] Local Rule 83.2.3.
[6] *In re* ProEducation Int'l, Inc., 587 F.3d 296, 299 (5th Cir. 2009) (citing *In re* Am. Airlines, 972 F.2d 605, 610 (5th Cir. 1992)).
[7] F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1314 (5th Cir. 1995).
[8] *Id.*
[9] CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C., No. 09-6623, 2010 WL 2773116, at *2 (E.D. La. July 9, 2010).

doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary."[10] "Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration."[11]

## LAW AND ANALYSIS

Plaintiff argues that Mr. Bagneris should be disqualified because of a concurrent conflict of interest. Specifically, Plaintiff alleges that "Mr. Bagneris has represented Mr. Shafirovich, individually, and the Companies in various matters, including some that are still pending."[12] Considering the alleged conflict, the relevant Louisiana Rules of Professional Conduct include:

**Rule 1.7 Conflict of Interest: Current Clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
   (1) the representation of one client will be directly adverse to another client; or
   (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.[13]

---

[10] *U.S. Fire Ins. Co.*, 50 F.3d at 1313.
[11] *Id.*
[12] Doc. 6-1 at 2.
[13] Louisiana Rule of Professional Conduct 1.7(a). Paragraph (b) permits a lawyer to represent a client where there is a concurrent conflict of interest if the lawyer meets four requirements, including the requirement that "each affected client gives informed consent, confirmed in writing." Plaintiff, however, has not given his informed consent in writing. *See* Doc. 6-3 at 5. Paragraph (b) is inapplicable.

3

**Rule 1.10 Imputation of Conflicts of Interest: General Rule**

While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.[14]

The American Bar Association Model Rules of Professional Conduct ("Model Rules") similarly prohibit a lawyer from representing a client if "the representation of one client will be directly adverse to another client."[15] Model Rule 1.10 also prohibits lawyers associated in a firm from representing a "client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9" with an exception identical to the one above for prohibitions based on a lawyer's personal interest.[16] Defendant, however, disputes whether Plaintiff formed an attorney-client relationship with Mr. Bagneris.

*1. Attorney-Client Relationship*

Defendant argues that Mr. Bagneris has not and did not previously represent of Mr. Shafirovich. "The existence of an attorney-client relationship is determined under state law."[17] Louisiana law gives "great deference to the client's subjective belief whether an attorney-client relationship exists."[18] "Nonetheless, the overarching question is whether there is a reasonable, objective basis to determine that an attorney-client relationship has formed."[19] Considering Plaintiff's subjective beliefs and the objective facts, the Court finds

---

[14] Louisiana Rule of Professional Conduct 1.10.
[15] American Bar Association Model Rules of Professional Conduct 1.7(a)(1).
[16] *Id.* at 1.10(a).
[17] Hopper v. Frank, 16 F.3d 92, 95 (5th Cir. 1994).
[18] *In re* Austin, 943 So. 2d 341, 348 (La. 2006).
[19] *Id.* (citing Sheinkopf v. Stone, 827 F/2d 1259 (1st Cir. 1991)).

4

that Plaintiff carried his burden in proving that an attorney-client relationship exists.

Plaintiff asserts the following facts by way of unsworn declaration under penalty of perjury. When Plaintiff and his business partners began their endeavors, they utilized the services of Eric Oliver Person as legal counsel. "At some point thereafter, a dispute arose between Mr. Person and Mr. Jaber[,] and Mr. Bagneris was selected to replace Mr. Person as counsel for all matters related to [their] business ventures and the Companies."[20] In support, Plaintiff cites an email from Mr. Bagneris dated April 11, 2023. The email provides in pertinent part that:

> I have agreed . . . to represent Jaber *and his partners in every other legal aspect* [aside from the litigation between Mr. Person and Mr. Jaber]. As you know, his partners are Mohamed Saleh and Alexander Shafirovich. In that regard, I respectfully request that you forward to me, or if its [sic] more convenient, that you prepare for pick up, all the files (open and closed) you have for Jaber and his partners, *individually*, and all their juridical entities.
> . . .
> Additionally, I have enclosed an Act of Revocation of a Mandate revoking the authority of Eric O. Person . . . and any other party in your firm that may possess any authority to act for the above named partner and their juridical entities as an agent for him *and his partners* and any of the entities they own or serve as a managing member or as a member.
> . . .
> Please be advised that I have personally confirmed with each partner their agreement to the above and the Revocation. Also, they agreed to Jaber *signing on their behalf individually* and as managing member. The partners have been CC'd on this email.[21]

---

[20] Doc. 6-3 at 2.
[21] Doc. 6-6 (emphases added). *See also* Doc. 6-7 (Revocation of Mandate).

Based on the foregoing, Plaintiff "understood Mr. Bagneris to be representing [him], in [his] individual capacity, in all matters related to the Companies."[22] Defendant, however, argues that the language in the above-cited email was mere "surplusage or puffery."[23] Even so, Plaintiff contends that, after receiving the email, Mr. Bagneris represented him in various matters and provided him with legal advice.[24] Additionally, Plaintiff "repeatedly attempted to contact Mr. Bagneris' office for updates on [a pending] matter. When [he] finally got a response, [he] was told that the case had been resolved in [the business partners'] favor."[25] Considering the email communication and other interactions with Mr. Bagneris and his office, the Court finds Mr. Shafirovich's sincerely held belief that Mr. Bagneris represented him to be reasonable. Because the ethical rules on conflicts of interest differ based on whether the conflict is concurrent or based on previous representation, the Court must now consider whether this attorney-client relationship is concurrent.[26]

Plaintiff argues that Mr. Bagneris remains counsel of record for him individually in pending litigation related to the Companies. Indeed, Plaintiff provided to the Court a "Petition for Judicial Review, a Temporary Restraining Order, Preliminary and Permanent Injunction and Damages," which is signed by Mr. Bagneris as the attorney for "Broadway Street Holdings, LLC and the "owners of said company."[27] Plaintiff Alexander Shafirovich is one of the three member-owners of Broadway Street Holdings, LLC.

---

[22] *Id.* at 3.
[23] Doc. 16 at 1.
[24] Doc. 6-3 at 3–5.
[25] *Id.* at 4.
[26] *Compare* Louisiana Rule of Professional Conduct 1.7 (Conflict of Interest: Current Clients), *with* Louisiana Rule of Professional Conduct 1.9 (Duties to Former Clients).
[27] Doc. 6-8 at 10.

6

In response, Defendant argues that there is no attorney-client relationship between Mr. Bagneris and Plaintiff because "Shafirovich has produced no engagement letter" and "has not paid any fees to Bagneris" or his firm.[28] The Court notes, however, that neither a formal engagement letter nor payment of fees are required to form an attorney-client relationship. All that is required is a client's subjective belief that the attorney represents him or her, in addition to that belief being an objectively reasonable one.[29] The Court concludes that both requirements are met. Because the Court finds that Mr. Bagneris currently represents Plaintiff in a matter before the Civil District Court for the Parish of Orleans, and Mr. Bagneris's representation of Defendant in this case would be directly adverse to Plaintiff Shafirovich, Mr. Bagneris cannot represent Defendant in the above-captioned matter pursuant to applicable ethical rules.

2. *Imputing Conflicts of Interest*

Defendant next argues that even if there is a basis for disqualification, his firm should not be disqualified under Louisiana Rule of Professional Conduct 1.10 because Mr. Bagneris's law partner, John Pieksen, has not been involved in (1) any matters involving Shafirovich personally; (2) any matters involving any or all of the LLCs referenced in the pending Motion to Disqualify; or (3) any litigation or proceedings pertaining to "building code" issues, either before the City Council or in Civil District Court for the Parish of Orleans. Defendant further avers that Pieksen has no specific knowledge about Shafirovich or the Companies, nor has he been retained or paid on behalf of them.[30]

---

[28] Doc. 16 at 1.
[29] *In re Austin*, 943 So. 2d at 348.
[30] Doc. 16.

Defendant, however, misapplies the standard set forth in Louisiana Rule of Professional Conduct 1.10.[31] Rule 1.10 presumes that confidences obtained by an individual lawyer are shared with members of his or her firm.[32] "The Fifth Circuit has never recognized the possibility of a 'Chinese Wall' to rebut this presumption. Further, disqualification may occur despite evidence that confidences have not—and are not likely to be—breached."[33]

When there is a conflict of interest under Rule 1.7, no lawyer associated in the prohibited lawyer's firm may represent the client, unless the prohibition is based on the prohibited lawyer's personal interest.[34] The interest here is not based upon personal interest but rather the representation of one client being directly adverse to another client. Accordingly, the ethical standards require disqualification of Mr. Bagneris, Mr. Pieksen, and the Bagneris Law Firm from this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Disqualify is **GRANTED**.

New Orleans, Louisiana this 23rd day of May, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[31] For all relevant purposes, Model Rule 1.10 is identical to Louisiana Rule of Professional Conduct 1.10.
[32] Green v. Adm'rs of Tulane Educ. Fund, No. Civ. A. 97-1869, 1998 WL 24424 (E.D. La. Jan. 23, 1998) (Vance, J.).
[33] *Id.* (internal citations omitted).
[34] Louisiana Rule of Professional Conduct 1.10.