UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER J. SHAFIROVICH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-238** |
| **MOHAMAD SALEH** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 21). For the following reasons, the Motion to Dismiss is **DENIED**.

### BACKGROUND

This action arises from an alleged breach of a Promissory Note and Act of Continuing Guarantee. Plaintiff Alexander J. Shafirovich alleges that on February 5, 2022, in Fairfax, Virginia, Defendant Mohamad Saleh and non-party Mr. Shalbey executed an Act of Continuing Guarantee ("Act") of a debt totaling $1,400,000.00. In May 2022, Plaintiff, Defendant, and non-party Mr. Jaber signed a Promissory Note ("Note") to Mr. Shalbey for the debt. Plaintiff and Mr. Jaber signed the Note in New Orleans, Louisiana; Defendant signed it later in June 2022, before a notary in Fairfax, Virginia.

Plaintiff claims that he made a payment totaling $378,000.00 to Mr. Shalbey to retire the debt, and that under the Note's terms, he is subrogated to the rights of Mr. Shalbey. Plaintiff asserts that this entitles him to receive Defendant's virile share of the debt along with attorney's fees incurred from seeking enforcement of the Note. On January 24, 2024, Plaintiff filed suit in this Court, pursuant to its diversity jurisdiction, to recover these amounts. Plaintiff asserts that Defendant is a Virginia domiciliary, and that Plaintiff is a Louisiana domiciliary.

Defendant filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff opposes[1] and filed a Motion for Discovery as to Jurisdictional Issues. Magistrate Judge Roby denied the Motion for Discovery, finding that "Plaintiff has shown that he already has evidence that supports his claim of diversity jurisdiction and opposes Defendant's claimed change of domicile."[2]

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts

---

[1] Doc. 25.

[2] Doc. 29 at 11. "Federal jurisprudence provides that the party requesting jurisdictional discovery 'must make a preliminary showing of jurisdiction by raising specific factual allegations that suggest jurisdiction likely exists.'" *Id.* at 5 (quoting Silver v. Forest River, Inc., No. 1:22-CV-00138, 2022 WL 18671511, at *2 (E.D. La. Sept. 21, 2022) (Perez-Montes, M.J.).

[3] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

underlying the citizenship of the parties. The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction."[4] "If complete diversity was not present at the time of filing, an action must be dismissed for want of subject matter jurisdiction."[5]

## LAW AND ANALYSIS

The Fifth Circuit has announced repeatedly that "when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'"[6] A natural person is a citizen of the state in which he is domiciled.[7] A person's domicile is the place of "his true, fixed and permanent home."[8] Establishing a party's domicile "requires the demonstration of two factors: residence and the intention to remain."[9]

When determining intent, "[n]o single factor is determinative," and "the court should look to all evidence shedding light on the litigant's intention to establish domicile." When "determin[ing] intent to change domicile, a court should consider where a litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs or churches, has places of business or employment, and maintains a home for his family."[10] If domicile is disputed, as it is here, "the party attempting to show a change assumes the burden of

---

[4] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[5] *Id.* at *7 (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570–71 (2004)).
[6] *Id.*
[7] Roberts v. Boxer, No. 17–7881, 2018 WL 2440625, at *1–2 (E.D. La. May 31, 2018) (quoting *Coury*, 85 F.3d at 248).
[8] *Id.* (quoting Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)).
[9] Costopoulos v. Uber Tech., Inc., 2018 WL 4739693, at *4 (E.D. La. Oct. 2, 2018) (quoting Preston v. Tenet Healthsystem Mem'l. Med. Ctr., Inc., 485 F.3d 793, 797–98 (5th Cir. 2007)).
[10] Terese v. 1500 Lorene LLC, No. 1:09-CV-4342, 2013 WL 308988, at *3 (E.D. La. Jan. 25, 2013) (quoting *Coury,* 85 F.3d at 250).

going forward on that issue. The ultimate burden on the issue of jurisdiction rests on the plaintiff or the party invoking federal jurisdiction."[11]

In his Complaint, Plaintiff distinctly and affirmatively alleges that Defendant's residence was in Centreville, Virginia ("Virginia Residence") as of January 24, 2024, the time of filing. Defendant opposes, contending that at the time of the filing his home was on Palmyra Street in New Orleans, Louisiana ("Louisiana Residence") and had been so since April 2021.

I. **Defendant's Proof His Domicile Changed from Virginia to Louisiana Prior to the Complaint's Filing Date**

In the instant motion, Defendant asserts that his domicile changed from Virginia to Louisiana as of 2021. Defendant avers that he previously resided at various immovable properties including the Virginia Residence and the Louisiana Residence. Defendant asserts that he does not own or lease the Virginia Residence. He states that he occasionally stays there when conducting business in Virginia and that he uses its address for business activities because his sister-in-law, who acts as his CPA and tax advisor, leases the property with Defendant's brother.[12]

Defendant claims that "[h]e is listed on the Louisiana Secretary of State's website as a member and/or manager of over thirty (30) Louisiana domestic LLCs" and that his "main business focus is in Louisiana."[13] The most current license provided by Defendant was renewed on January 1, 2024 and will expire December 31, 2024.[14] Further, Defendant provides the Court with a copy of his Louisiana driver's license and states that he no longer has a Virginia driver's license.

---

[11] *Coury*, 85 F.3d at 250.
[12] Doc. 21-3. Virginia Residence Lease ending in 2024.
[13] Doc. 21 at 2.
[14] Doc. 21-5 at 5.

4

As a result, Defendant argues that Plaintiff is unable to establish that he is a Virginia domiciliary and that the case should be dismissed for lack of subject matter jurisdiction.

## II.  Plaintiff's Proof that Defendant is a Virginia Domiciliary

According to Plaintiff, the Complaint and Summons in this case were delivered to the Virginia Residence on January 26, 2024, and signed by "M. SALEH."[15] In a later filed Supplemental Memorandum, Plaintiff avers that he attempted to provide Defendant with a notice of intent to take default at both the Louisiana Residence and the Virginia Residence.[16] Plaintiff attached a scanned image showing "M. Saleh" written in the "Signature of Recipient" field and the Virginia Residence address in the "Address of Recipient" field of a United States Postal Service Electronic Return Receipt dated October 9, 2024.[17]

Plaintiff additionally points to Defendant's other "admissions" that suggest the Defendant is a Virginia domiciliary. First, in 2022, Defendant signed the Note and Act at the center of this case before notaries in Fairfax and Gainseville, Virginia, respectively.[18] The latter indicated that Defendant was "a resident of the County of Fairfax, State of Virginia."[19] In a text message exchange between Plaintiff and Defendant in 2022, Defendant asked, "For current address should I put River [R]d or where I'm living [] now in VA[?]."[20] Plaintiff additionally points to Defendant's LinkedIn profile that states that he is "a life-long resident of the Northern Virginia area." Plaintiff further reports that since filing his Complaint, Defendant has interacted with other posts on

---

[15] Doc. 25 at 11.
[16] Doc. 32 at 2.
[17] Doc. 32-3.
[18] Doc. 25 at 4.
[19] Defendant does not deny this.
[20] Doc. 25 at 4.

the website, underscoring Plaintiff's contention that Defendant has actively chosen to represent himself as a Virginia resident and businessman.

Plaintiff presents evidence that the Defendant's alleged Louisiana Residence on Palmyra Street is available for short-term leases on AirBnb.[21] Plaintiff provided the Court with a declaration by his counsel stating that as of February 27, 2024, it was possible to rent the entirety of the Louisiana Residence on the AirBnb website from March 3, 2024 to May 31, 2024.[22] Evidence was presented that the residence contains no clothes, food, or personal items indicative of a personal residence. Further, Defendant was cited on September 22, 2021 for operating an unlicensed short-term rental at that address.[23]

Moreover, Plaintiff further asserts that Defendant disproportionately conducts business in Virginia and maintains a Virginia Real Estate License, which requires one to be a resident of Virginia.[24] Per a public records search, Defendant renewed this license sometime between April and July 2024, implicitly confirming his Virginia Residence as his primary address.[25]

---

[21] Plaintiff also states that Defendant has not paid a homestead exemption for the property. Doc. 25 at 9; Doc. 25-11.

[22] Doc. 25-18 at ¶¶ 16-17. Borrowing from the Plaintiff counsel's Declaration, Plaintiff's Opposition to the instant motion lists reasons why the New Orleans Residence does not appear to be one that is used as a primary residence by anyone, let alone Defendant. Doc. 25 at 10.

[23] Doc. 25-27.

[24] Doc. 25 at 5 (citing Va. Code Ann. § 54.1-2111) ("Every nonresident applicant shall file with the Real Estate Board an irrevocable consent that suits and actions may be commenced against such applicant in the proper court of any county or city of this Commonwealth in which a cause of action may arise or in which the plaintiff may reside, by the service of any process or pleading authorized by the laws of this Commonwealth on the Director of the Department of Professional and Occupational Regulation. The consent shall stipulate that such service of process or pleadings on the Director shall be taken and held in all courts to be as valid and binding as if due service had been made upon the applicant in the Commonwealth of Virginia.").

[25] Doc. 25-20.

Contrary to Defendant's assertion, Plaintiff shows that Defendant maintains a Virginia driver's license.[26]

### III. Findings

After considering the evidence presented by the parties, the Court finds that the evidence produced by Defendant is outweighed by the comparable and more compelling evidence produced by Plaintiff.

"[T]here is a presumption of continuing domicile in the original domicile whenever one relocates. This presumption of continuing domicile persists unless it is rebutted by sufficient evidence of change, and mere presence in a new location alone will not suffice."[27] Defendant provides the Court with no objective proof that he is domiciled in Louisiana beyond his Louisiana driver's license[28], several business filings from the Louisiana Secretary of State, and real estate broker licenses. Considering that Plaintiff shows that the home claimed to be the Defendant's Louisiana residence is actually a short-term rental property belies his statement of residency. Further, it appears to this Court that the majority of Defendant's business dealings take place in Virginia where he maintains multiple business licenses. This finding is bolstered by his LinkedIn profile. Moreover, Defendant does indeed have a Virginia driver's license. Defendant failed to present this Court with concrete objective evidence

---

[26] Doc.25-3.
[27] Terese 2013 WL 308988, at *3.
[28] *See* Truxillo v. American Zurich Ins. Co., No. CV 16-369-JJB-EWD, 2016 WL 6987127, at *5 (M.D. La. Oct. 24, 2016), report and recommendation adopted sub nom. Truxillo v. Am. Zurich Ins. Co., No. CV 16-369-JJBEWD, 2016 WL 6986676 (M.D. La. Nov. 28, 2016)("[T]he undersigned cannot find that Houston's Louisiana [Commercial Driver's License] is sufficient evidence to overcome the presumption of Houston's continuing Mississippi domicile."); *See* Costopoulos v. Uber Techs., Inc., No. CV 18-3590, 2018 WL 4739693, at *4 (E.D. La. Oct. 2, 2018) ("The fact that [Defendant] has a valid Louisiana driver's license does not make him a Louisiana citizen for diversity purposes. Driver's licenses usually remain valid for years once issued, and people can and often do change their domicile before a license expires."). Further, Defendant has a Virginia driver's license that does not expire until September 26, 2026. Doc. 25-3.

outside what has been generally refuted by Plaintiff.[29] Indeed, Defendant relies almost exclusively on self-serving, self-generated evidence to support his claims.

Considering the above, the Court finds that Plaintiff met his burden of showing that Defendant was domiciled in Virginia when the Complaint was filed.[30] As such, the Court finds that diversity jurisdiction exists in this case.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this 20th day of December, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[29] "[S]tatements of intent, either to remain in a previous domicile or to establish a new one, are 'entitled to little weight' if they conflict with the objective facts." Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003) (citing *Coury*, 85 F.3d at 251).

[30] "The party invoking diversity jurisdiction bears the burden of proving that complete diversity exists." Smith v. Bank of Am. Corp., 605 F. App'x. 311, 314 (5th Cir. 2015) (citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988)).