UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER SHAFIROVICH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-238** |
| **MOHAMAD SALEH** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff Alexander Shafirovich's Motion to Lift Stay (Doc. 45). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This action arises from an alleged breach of a Promissory Note and Act of Continuing Guarantee. Plaintiff Alexander J. Shafirovich alleges that on February 5, 2022, Defendant Mohamad Saleh and non-party Mr. Shalbey executed an Act of Continuing Guarantee of a debt totaling $1,400,000.00. In May 2022, Plaintiff, Defendant, and non-party Mr. Jaber signed a Promissory Note to Mr. Shalbey for the debt. Plaintiff and Mr. Jaber signed the Promissory Note; Defendant signed it later in June 2022.

Plaintiff claims that he made a payment totaling $378,000.00 to Mr. Shalbey to retire the debt, and that under the Note's terms, he is subrogated to the rights of Mr. Shalbey. Plaintiff asserts that this entitles him to receive Defendant's virile share of the debt along with attorney's fees incurred from

seeking enforcement of the Note. On January 24, 2024, Plaintiff filed suit in this Court to recover these amounts.

On April 16, 2025, Defendant Mohamad Saleh filed a Notice of Bankruptcy.[1] The bankruptcies referenced in the Notice were those of Audubon Street Holdings, LLC, Broadway Street Holdings, LLC, Esplanade Avenue Holdings, LLC, State Street NOLA Investments, LLC, and Webster Street Investments, LLC (collectively, the "Companies"). Plaintiff and Defendant are members of those companies. Neither party has filed bankruptcy in their individual capacities. On April 28, 2025, this Court entered a stay of this matter based upon the Notice of Bankruptcy.[2]

Plaintiff now moves to lift the stay. Defendant has not filed an opposition to this Motion. The Court may not, however, simply grant the instant motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[3] Instead, the Court will consider the Motion's merits.

## LEGAL ANALYSIS

Plaintiff argues that because Defendant has not filed bankruptcy in his individual capacity, the automatic stay provided for by the Bankruptcy Code does not apply to this case, and that the stay should therefore be lifted.

"Section 362 of the Bankruptcy Code provides that a bankruptcy petition 'operates as a stay, applicable to all entities, of ... any act to collect, assess, or

---

[1] Doc. 39.
[2] Doc. 42.
[3] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir.1985).

recover a claim against the debtor that arose before the commencement of the case under this title.'"[4] "The purposes of this automatic stay 'are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse.'"[5] "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors."[6] "In order to extend the Automatic Stay to a non-debtor, a court must find an identity of interest between the debtor and the non-debtor, and then evaluate whether the circumstances warrant exercising the 'general discretionary power . . . to stay proceedings in the interest of justice and in control of their dockets.'"[7]

Plaintiff asserts that the above-captioned matter does not impact the assets of the debtors and that, therefore, there is no reason to extend the automatic stay to this proceeding. To bolster this point, Plaintiff states that "[c]ourts have repeatedly held that the automatic stay does not apply to members of a debtor limited liability company" such as the Companies here.[8]

"The party invoking the stay has the burden to show that it is applicable."[9] The Court *sua sponte* extended the automatic stay to this matter and, as stated earlier, Defendant has not filed an opposition to Plaintiff's Motion. As such, absent any demonstration from Defendant that there are "unusual circumstances" here or "something more than the mere fact that one

---

[4] Luppino v. York, 562 B.R. 894, 898 (W.D. Tex. 2016) (quoting 11 U.S.C. § 362(a)(6)).

[5] *Id.* (quoting GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985)).

[6] Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001).

[7] In re Divine Ripe, L.L.C., 538 B.R. 300, 309 (Bankr. S.D. Tex. 2015).

[8] Doc. 45-1 (citing In re Xenon Anesthesia of Texas, PLLC, 510 B.R. 106, 110 (Bankr. S.D. Tex. 2014)).

[9] *In re Divine Ripe*, 538 B.R. at 302.

of the parties to a lawsuit"—or a limited liability company of which a party is a member—has filed bankruptcy, this Court will not stay proceedings of a nonbankrupt defendant.[10] Accordingly, the automatic stay from the Companies' bankruptcy does not extend to the instant matter and shall be lifted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Lift Stay is **GRANTED**.

New Orleans, Louisiana this 26th day of June 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* at 312–13 (quoting Reliant Energy Services, Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003).