## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**ALEXANDER J. SHAFIROVICH**                    **CIVIL ACTION**

**VERSUS**                                      **NO: 24-238**

**MOHAMAD SALEH**                               **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiff Alexander Shafirovich's Motion for Summary Judgment (Doc. 34). For the following reasons, Plaintiff's Motion is **DENIED**.

## BACKGROUND

This action arises from an alleged breach of a Promissory Note and Act of Continuing Guarantee. Plaintiff Alexander J. Shafirovich alleges that on February 5, 2022, Defendant Mohamad Saleh and non-party John Shalbey ("Shalbey") executed an Act of Continuing Guarantee of a debt totaling $1,400,000.00. In May 2022, Plaintiff, Defendant, and non-party Nidal Jaber ("Jaber") signed a Promissory Note to Shalbey ("the Shalbey Note"), becoming solidary co-obligors for all amounts due.

Plaintiff claims that he made a payment totaling $378,000.00 to Shalbey to retire the debt and that he was subrogated to Shalbey's rights. Plaintiff asserts that this entitles him to receive Defendant's virile share of the debt, $126,000.00, along with attorney's fees incurred from seeking enforcement of the Shalbey Note. On January 24, 2024, Plaintiff filed suit to recover these

amounts. On December 30, 2024, Plaintiff filed the instant Motion for Summary Judgment. Defendant opposed. (Doc. 37).

The Court stayed this matter from April 28, 2025 to June 26, 2025 after Defendant filed a Notice of Bankruptcy. Once the stay was lifted, the Court reset this Motion's submission date to August 27, 2025. Defendant obtained new counsel on August 24, 2025 and requested leave to supplement his Opposition, arguing that new evidence had come to light since filing his original memorandum. The Court granted Defendant leave to supplement his Opposition, permitted Plaintiff to file a supplemental reply, and reset the Motion's submission date to September 24, 2025.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

"In reviewing a summary judgment motion, the court must 'refrain from making credibility determinations or weighing the evidence' and must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Devon Enters., LLC v. Arlington Indep. Sch. Dist., 541 Fed. App'x 439, 441 (5th Cir. 2013).

2

showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff avers that summary judgment is appropriate because there are no genuine disputes of fact on his breach of contract claim. Defendant opposes Plaintiff's Motion, asserting that an issue of material fact exists as to whether Plaintiff has already been paid in full for Defendant's debt.[9] Defendant offers

---

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] Defendant's Supplemental Opposition contests most, if not all, of Plaintiff's factual allegations. However, Defendant attached a Statement of Contested Material Facts to his original Opposition wherein he admitted twelve of Plaintiff's thirteen stated material facts but denied that Defendant still owed Plaintiff a debt. Plaintiff contends that despite the contested facts asserted in Defendant's Supplemental Opposition Memorandum, Local Rule 56.2 binds Defendant to his prior admissions for the purposes of this Motion given Defendant's failure to attach a new Statement of Contested Material Facts. Because the Court finds that a genuine issue of material fact exists as to at least one element of Plaintiff's claim, the Court need not consider the other arguments raised in Defendant's

an affidavit from Jaber, who states that in May 2023 he paid Plaintiff cash for "all outstanding notes on behalf of himself and Mohamad Saleh due to Alexander Shafirovich," including all amounts owed in relation to the Shalbey Note.[10] Jaber further attests that Plaintiff did not give him a receipt for this cash transaction. Defendant also submits an affidavit from Michael Schexnayder, who states that he attended the May 2023 meeting and witnessed a series of cash transactions between Plaintiff and Jaber, including a payment of more than $250,000.00 in satisfaction of his and Defendant's debt for the Shalbey note.[11]

In reply, Plaintiff argues that the alleged payment of a debt is an affirmative defense that was not raised in Defendant's Answer and is, therefore, waived. Plaintiff further argues that the affidavits Defendant offers do not establish that any payment was made on Defendant's behalf, that his story is "implausible," and there is no documentary evidence of the alleged payment. Plaintiff offers his own declaration in which he insists no cash payment ever occurred.

Under Louisiana law, solidary obligors are each liable for their virile share of a debt.[12] "A solidary obligor who has rendered the whole performance, though subrogated to the right of the obligee, may claim from the other obligors no more than the virile portion of each."[13] Payment of a debt extinguishes the obligation, and payment "may be rendered by a third person, even against the will of the obligee, unless the obligor or the obligee has an interest in

---

Supplemental Opposition or whether he is bound to the admissions in his Statement of Material Facts.

[10] Doc. 37-2.
[11] Doc. 37-4.
[12] LA. CIV. CODE art. 1804.
[13] *Id.*

performance by only the obligor."[14] Therefore, if Jaber satisfied Defendant's debt to Plaintiff, Plaintiff could not succeed on his claim. [15]

As to Plaintiff's argument that Defendant waived his affirmative defense of payment, the Court notes that Defendant raises his affirmative defense of payment for the first time in his Opposition. While an affirmative defense should be raised in a responsive pleading pursuant to Federal Rule of Civil Procedure 8(c), the Fifth Circuit rejects waiver arguments when a defendant raises its affirmative defense on summary judgment so long as "(1) the defendant raised the affirmative defense 'at a pragmatically sufficient time,' and (2) the plaintiff 'was not prejudiced in its ability to respond.'"[16] The Court finds that the defense was raised at a pragmatically sufficient time, and Plaintiff was given a fair opportunity to respond in his Reply and Supplemental Reply.

Turning to Plaintiff's argument that Defendant's affidavits are insufficient to establish whether a payment was made on Defendant's behalf, the parties provide competing affidavits supporting their allegations. "Faced with these competing affidavits, because the Court must avoid weighing the evidence and making credibility determinations, the Court finds that summary judgment is inappropriate."[17] Accordingly, the Court finds that there is a genuine dispute of material fact as to whether Defendant still owes Plaintiff his virile share of the $378,000.00 debt.

---

[14] *Id.* at arts. 1854–55.

[15] *See* Mack Energy Co. v. Red Stick Energy, LLC, No. 16-1696, 2019 WL 2714865, at \*5 (W.D. La. May 1, 2019) (holding that a whether the defendant owed a debt to the plaintiff or whether the debt had been remitted was a genuine issue of material fact that precluded summary judgment).

[16] Walton v. City of Verona, 82 F.4th 314, 324 (5th Cir. 2023) (quoting Motion Med Techs., L.L.C., v. Thermotek, Inc. 875 F.3d 765, 771–772 (5th Cir. 2017)).

[17] Trosclair v. Offshore Marine Contractors, Inc., No. 11-2324, 2012 WL 2339668, at \*5 (E.D. La. June 19, 2012).

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.


New Orleans, Louisiana this 26th day of March, 2026.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6